**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,

Plaintiffs,

v.

SELLERGREN BROS, INC, an Illinois Corporation, and MICHAEL SELLERGREN, in his individual capacity,

Defendants.

Case No.

Judge

FILED: AUGUST 15, 2008
08CV4672
JUDGE MANNING
MAGISTRATE JUDGE COLE
JH

**COMPLAINT**

**Count I**

**Jurisdiction and Venue**

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by an audit, and for injunctive relief.

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendants transact business in this judicial district.

**Parties**

4. The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8. Plaintiff Painters' District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

9. Defendant, Sellergren Bros., Inc. ("Sellergren Bros.") is an Illinois corporation, with its principal place of business in the State of Illinois. Sellergren Bros. is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

10. Defendant Michael Sellergren ("Michael Sellergren") is and was at all relevant times an officer and corporate president of Sellergren Bros.

**Specific Allegations**

11. The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers. The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

12. At all material times, Sellergren Bros. was a party to a series of CBAs with the Union.

13. Pursuant to the CBAs, Sellergren Bros. agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

14. Sellergren Bros. agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require Sellergren Bros. to pay

continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

15. Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

16. The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

17. On or about October 29, 2007, Plaintiffs finalized their audit of Sellergren Bros. for the period of July 1, 2004 through June 30, 2007 ("Audit Period"). The audit disclosed delinquencies of $26,328.18 (exclusive of interest, liquidated damages, fees, and costs).

18. The audit report revealed that Sellergren Bros. breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, dues, and assessments owed for those employees, to the Funds and Union for the Audit Period.

19. Pursuant to the CBAs, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys' fees and costs.

20. Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBAs provide that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**Count II**

21. Plaintiffs allege and incorporate by reference paragraphs 1 through 20 of Count I.

22. This Court has supplemental jurisdiction over the claim set forth in Count II pursuant to 28 U.S.C. § 1367.

23. Defendant Michael Sellergren is a resident of the State of Illinois and resides within this judicial district. Michael Sellergren is and was at all relevant times an officer and corporate president of Sellergren Bros.

24. The CBA requires the employer, before commencing work covered by the CBA, to provide a performance or surety bond in a form acceptable to the Union and Association sufficient to pay all the contributions, dues, assessments, and wages owed under the CBA. The bond is to be written by an authorized and licensed insurance carrier, or secured by a cash deposit of the bond's full amount in an account maintained jointly by the Trustees of the Funds receiving contributions pursuant to the CBA, or secured by personal assets that equal or exceed in value the full amount of the bond, or secured by a combination of the foregoing. The CBA further requires that the employer maintain the bond for the duration of the CBA and six months after it terminates, and that the bond be payable upon the Union's written demand. The CBA provides that if the employer fails to satisfy the bonding requirement, the corporate officials authorized to execute agreements or sign checks for the employer shall be personally liable for

the contributions, dues, assessments, and wages owed under the CBA or the Funds' Trust Agreements.

25. Sellergren Bros. failed to maintain an appropriate performance or surety bond and thus failed to satisfy the bonding requirements of the CBA.

26. Michael Sellergren was at all relevant times authorized to execute documents and sign checks for Sellergren Bros.

27. Michael Sellergren and Sellergren Bros. failed to provide the performance or surety bond as required under the CBA, and therefore Michael Sellergren is personally liable for any contributions, dues, and assessments owed to the Funds and Union and for additional contributions, dues, and assessments that become due in accordance with the CBA and the Funds' Trust Agreements.

**WHEREFORE,** Plaintiffs request that this Court:

(A) Enter a judgment in Plaintiffs' favor and against Defendants jointly and severally for:

(i) all the delinquencies at the interim contribution rates that are owed for the audit period, plus Union dues and Defense Fund assessments;

(ii) interest on the delinquent contributions;

(iii) an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

(iv) attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action;

(D) Enter an order enjoining Defendants from failing to submit accurate contributions reports;

(E) Retain jurisdiction of this cause pending compliance with its orders;

(F) Provide such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ M. Garrett Hohimer
M. Garrett Hohimer
One of Plaintiffs' Attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603